United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD GLOVER,<br>    Petitioner,<br>  v.<br>CRAIG KOENIG,<br>    Respondent. | Case No. 19-cv-00148-HSG<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 15 |

Petitioner Reginald Glover, an inmate at Correctional Training Facility – Central, in Soledad, California, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary finding. Respondent has filed a motion to dismiss this petition for lack of federal habeas jurisdiction. Dkt. No. 15. Petitioner has not filed an opposition or otherwise contacted the Court, and the deadline to file an opposition has since passed. For the reasons set forth below, the Court GRANTS respondent's motion to dismiss.

**DISCUSSION**

**A.  Background**

In 1992, petitioner was sentenced to an indeterminate term of 25 years to life. Dkt. No. 15 at 6. In the instant petition, petitioner alleges that his due process rights were violated during disciplinary proceedings that stemmed from an incident on March 9, 2016, which resulted in him losing time credits. Dkt. No. 1-1 at 2–3, 5–6. Petitioner seeks the reversal of his guilty finding and the restoration of his time credits. Dkt. No. 1-2 at 3.

**B.  Motion to Dismiss**

Respondent has filed a motion to dismiss this petition for lack of federal habeas jurisdiction arguing that petitioner's success on his claim would not necessarily result in an earlier

release from prison or change the quantum of his custody. Respondent is correct that federal habeas jurisdiction is lacking here. Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. *Skinner v. Switzer*, 562 U.S. 521, 533-34 (2011) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005)). Habeas is not the proper remedy to challenge a disciplinary finding where reversal of the finding would not necessarily lead to a grant of parole (and consequently speedier release), because many factors are considered in decision whether to grant parole and parole could still be denied if the disciplinary finding were reversed. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). For a habeas petitioner serving an indeterminate sentence, a restoration of time credits will not necessarily speed his or her release. There is therefore no federal habeas jurisdiction for a challenge to a disciplinary decision that resulted in lost time credits if brought by a habeas petitioner serving an indeterminate sentence.[1] Similarly, there is no federal habeas jurisdiction for a claim based on the premise that an unexpunged disciplinary decision might affect parole. Parole decisions are based on many factors, prison disciplinary decisions being just one of them. *Nettles*, 830 F.3d at 935.

The record shows that petitioner has been sentenced to an indeterminate term of 25 years to life. Dkt. No. 15 at 6. Petitioner can therefore can only be released from prison if the Board of Parole Hearings and the governor independently conclude that he is suitable for parole. *In re Lawrence*, 44 Cal. 4th 1181, 1212 (2008); Cal. Penal Code §§ 3041(b)(1), 3041.2; 15 Cal. Code Regs. § 2042(b). Expunging a prison disciplinary decision and ordering the restoration of any lost credits will not impact the fact or duration of petitioner's confinement. In other words, success on the claim raised in this action would not necessarily shorten his sentence. *See Nettles*, 830 F.3d at 934-35. Accordingly, the Court GRANTS respondent's motion to dismiss the petition for lack of federal habeas jurisdiction. This dismissal is without prejudice to petitioner bringing his due process claim in a civil rights action.[2]

---

[1] However, there is federal habeas jurisdiction for a challenge regarding lost time credits brought by a habeas petitioner serving a determinate sentence because a restoration of time credits will indeed speed release.
[2] Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, *see Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas

2

**CERTIFICATE OF APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard, *id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS respondent's motion to dismiss, DISMISSES the petition for lack of federal habeas jurisdiction without prejudice to petitioner bringing his due process claim in a civil rights action, and DENIES a certificate of appealability. The Clerk of the Court shall terminate all pending motions, enter judgment and close the file. The Clerk shall also send petitioner a blank civil rights complaint form with his copy of this Order.

//

//

---

petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief. Additionally, there is doubt whether the prisoner is willing to pay the $400.00 civil action filing fee, or $350.00 filing fee if proceeding *in forma pauperis*, to pursue his claims. It is not in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

3

This order terminates Dkt. No. 15.

**IT IS SO ORDERED.**

Dated: 11/27/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge